UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
GARYSON FORD,

                         Plaintiff,                    NOT FOR PUBLICATION

                           v.                       **MEMORANDUM & ORDER**
                                                                    16-CV-2797 (MKB)
NEW YORK CITY POLICE DEPARTMENT and
CITY OF NEW YORK COMPTROLLER,

                        Defendants.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       Plaintiff Garyson Ford, proceeding *pro se*, brings the above-captioned action against Defendants the New York City Police Department (the "NYPD") and the City of New York Comptroller (the "Comptroller"), asserting the Court's jurisdiction pursuant to 18 U.S.C. § 242 and 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court dismisses the Complaint. Plaintiff is granted thirty (30) days to file an amended complaint.

**I. Background**

       The Court accepts the facts set forth in the Complaint as true for the purposes of this Memorandum and Order. According to Plaintiff, he contacted the office of the mayor of New York City and 311 seeking instructions on obtaining a set of his fingerprints. (Compl. 1,[1] Docket Entry No. 1.) Plaintiff obtained a "package with a waiver application" and was instructed to take the package to any police precinct in New York City for free fingerprinting. (*Id*.) Plaintiff

---
[1] Because the Complaint is not consecutively paginated, the Court's citations refer to the page number assigned by the Electronic Document Filing System.

subsequently contacted several New York City Police precincts, including the 84th and 88th precincts, in order to obtain a set of his fingerprints. (*Id*.) He contacted the precincts at least seven or eight times and has received no assistance. (*Id*.)

Plaintiff is fearful that "these officers are getting tired of seeing [him] and . . . may get [him] involved with something [he] may not know." (*Id*.) Plaintiff seeks a set of fingerprints and monetary damages in the amount of $500,000 "because [he is] legally blind" and because "this simple process has turned very dangerous and [he] feel[s] threatened." (*Id*.) Plaintiff attaches several documents to the Complaint, including a verification of legal blindness by the New York State Department of Social Services, (*id*. at 5), a record review fee waiver form from the New York State Division of Criminal Justice Services, (*id*. at 8), and a completed "Record Review Fee Waiver Notarized Financial Statement," (*id*. at 6).

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after

*Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. 18 U.S.C. § 242

Plaintiff appears to assert claims pursuant to 18 U.S.C. § 242. (Compl. 1.) Section 242 is part of the United States criminal code and provides no right for private persons to institute criminal prosecution. *See Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) ("[T]here is no private right of action under [18 U.S.C.] § 242 . . . ."); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (affirming dismissal of the plaintiff's claim under 18 U.S.C. § 242 because this "criminal statute[] . . . do[es] not provide [a] private cause[] of action"). The Court therefore dismisses Plaintiff's claims under 18 U.S.C. § 242 for failure to state a claim.

### c. Non-suable entities — the NYPD and the Comptroller

Plaintiff cannot sue the NYPD, its precincts, or the Comptroller. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming dismissal of claims asserted against the NYPD due to non-suable-entity status). The Comptroller is an improper party to this action because it is also a department of the City of New York and is therefore not subject to liability. *See Astoria Gen. Contracting Corp. v. Off. of Comptroller of City of N.Y.*, No. 15-CV-1782, 2016 WL 369237, at *8 (S.D.N.Y. Jan. 27, 2016) (noting that the Comptroller's office is a department of the New York City government).

Accordingly, the Court dismisses with prejudice Plaintiff's claims against the NYPD and the Comptroller. To the extent Plaintiff seeks to assert a claim against the NYPD or the Comptroller, Plaintiff must name the City of New York as the defendant. However, as discussed below, Plaintiff's allegations are insufficient to state a claim against the City of New York.

### d. Section 1983

Even if Plaintiff had named the City of New York as a Defendant for his section 1983 claim, this claim would nevertheless fail. In order to sustain a claim for relief pursuant to section 1983 against a municipal defendant, a plaintiff must show the existence of an official policy or

4

custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694–95 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."); *see Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) ("[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." (alteration in original) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007))). A policy or custom may be established by any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent or widespread that it constitutes a custom through which constructive notice is imposed upon policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff. *See Parker v. City of Long Beach*, 563 F. App'x 39, 41 (2d Cir. 2014), *as amended*, (Apr. 21, 2014) (failure to train); *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (persistent and widespread practice); *Schnitter v. City of Rochester*, 556 F. App'x 5, 9 (2d Cir. 2014) (failure to train or supervise); *Hines v. Albany Police Dep't*, 520 F. App'x 5, 7 (2d Cir. 2013) (actions of policymakers); *Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (formal policy and act of a person with policymaking authority for the municipality).

Here, Plaintiff fails to allege any facts to show that his inability to have a set of fingerprints taken by the officers at the local police precincts rises to the level of a constitutional

5

violation caused by a policy or widespread practice of the City. *See Rose v. N.Y.C. Dep't of Human Res.*, No. 12-CV-1764, 2013 WL 69149, at *7 (S.D.N.Y. Jan. 4, 2013) (finding bare allegation that city agency implemented policy favoring persons of color with HIV/AIDS virus in awarding subsidies "not sufficient to constitute a plausible factual allegation that a municipal policy existed that deprived him of his rights") *report and recommendation adopted,* No. 12-CV-1764, 2013 WL 323995 (S.D.N.Y. Jan. 24, 2013); *Perri v. Bloomberg*, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug.13, 2012) (dismissing the plaintiff's claims against the City of New York for failure to state *Monell* claim because the plaintiff had simply recited that the City violated his rights through its policies).

### e. ADA disability claim

Plaintiff alleges that he is blind and appears to imply a connection between his blindness and the failure of the NYPD precincts to meet his request for fingerprinting. (Compl. 1.)

The ADA "provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 152–53 (2d Cir. 2013) (quoting *United States v. Georgia*, 546 U.S. 151, 153 (2006)); *Gentile v. Town of Huntington*, 288 F. Supp. 2d 316, 322 (E.D.N.Y. 2003) (The ADA "provides disabled individuals redress for discrimination by a 'public entity.'" (citation omitted)). "To establish a violation under . . . Title II [of the ADA], a plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) the defendant is subject to [the ADA]; and (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise

6

discriminated against by the defendant because of his disability."[2] *Disabled in Action v. Bd. of Elections in City of N.Y.*, 752 F.3d 189, 196–97 (2d Cir. 2014); *see Mary Jo C.*, 707 F.3d at 153 (2d Cir. 2013) ("The statute require[s] that covered entities make reasonable accommodations in order to provide qualified individuals with an equal opportunity to receive benefits from or to participate in programs run by such entities." (alteration in original) (citation omitted)); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) ("In order to establish a violation under the ADA, [] plaintiffs must demonstrate that (1) they are 'qualified individuals' with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities."). The ADA is "addressed to rules . . . that hurt [people with disabilities] *by reason of their handicap*, rather than that hurt them solely by virtue of what they have in common with other people." *Henrietta D.*, 331 F.3d at 272 (alterations in original) (citation omitted)).

The ADA defines "public entity to include any State or local government and any department, agency, . . . or other instrumentality of a State," which includes the City of New York. *Georgia*, 546 U.S. at 154 (internal quotation marks omitted) (quoting 42 U.S.C. § 12131); *see also Green v. City of New York*, 465 F.3d 65, 74 (2d Cir. 2006) (noting that the district court had dismissed an ADA claim as against a private entity but maintained it as against the City of New York "because Title II of the ADA applies only to public entities"); *Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 44 (2d Cir. 1997) ("It is undisputed that both anti-discrimination provisions [of the ADA and Rehabilitation Act] govern the City.").

---

[2] The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

7

To the extent that Plaintiff seeks to assert a claim based on being excluded from obtaining a set of his fingerprints from the NYPD because of his blindness, his allegations are insufficient. Plaintiff does not allege that NYPD officers denied him service because of his blindness, and he provides no factual allegations that connect the denial of the service to his disability. *Henrietta D.*, 331 F.3d at 272. Accordingly, the Court dismisses without prejudice any ADA claim asserted by Plaintiff.

### f. Leave to amend

Should Plaintiff wish to pursue a disability discrimination claim under the ADA against the City of New York based on his attempt to obtain fingerprints, Plaintiff is granted thirty (30) days to file an amended complaint in accordance with this Memorandum and Order. The amended complaint must contain a brief factual description of the claim and allege facts to show that the denial of services by the NYPD was due to his blindness. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. If Plaintiff fails to amend the Complaint within thirty (30) days as directed by this Memorandum and Order, the Court shall dismiss this action.

### III. Conclusion

For the foregoing reasons, the Complaint is dismissed. Plaintiff is granted thirty (30) days to file an amended complaint in accordance with this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 28, 2016
      Brooklyn, New York